# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAW GROUP HOLDINGS, LLC, *et al.*,

    Plaintiffs,

v.

CAS RESIDENTIAL LLC, *et al.*,

    Defendants.

Case No. 2:09-CV-00618-KJD-RJJ

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss for Improper Venue (#38). Plaintiffs filed a response in opposition (#45) to which Defendants replied (#47).

<u>I.  Background and Procedural History</u>

    On January 22, 2008, Defendant CAS Residential, a Delaware limited liability company, entered into a Stock/Equity Interest Purchase Agreement ("the Agreement") whereby it agreed to purchase Plaintiffs' real estate management companies for approximately $6.2 million. The same day, as expressly directed in section 2.2(b)(i)(A) of the Agreement, CAS Residential as Buyer delivered a Deferred Purchase Price Note ("the Note") to Plaintiffs in the amount of $1,404,494 to secure a portion of the $6.2 million purchase price. The Note expressly refers to the Agreement in the introductory paragraphs and states that it is being "executed and delivered. . .in connection with [the Agreement]."

Contemporaneously, Defendant Consolidated American Services ("CAS"), the parent company of CAS Residential, executed and delivered a guaranty ("the Guaranty") to secure certain financial obligations of CAS Residential under the Agreement and Note.  The Guaranty also stated that it was being executed in connection with the Agreement.

The Agreement contains a mandatory forum selection clause in section 12.12, "Consent to Jurisdiction," that states:

> The parties hereto each hereby irrevocably submit to the exclusive jurisdiction of any state or federal court sitting in Wilmington, Delaware for the purpose of any suit, action, or other Proceeding arising out of or based upon this Agreement or the subject matter hereof brought by any other party hereto.  Each party also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court.  Each party hereto, to the extent permitted by Applicable Law, hereby waives and agrees not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding brought in such courts, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the venue of the suit, action or Proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

The Note and Guaranty, however, contain consent to jurisdiction clauses, though similar to each other, are different than those found in the Agreement.  The Note reads: "If an Event of Default occurs, then . . . Holders may, in their sole and absolute discretion, also elect to file suit against Makers, in Nevada, the jurisdiction to which Maker hereby submits and consents."

The relevant portion of the Guaranty states:

> The Guarantor consents to the jurisdiction and venue of all federal and state courts sitting in the State of Delaware and agrees that venue is proper in all federal and state courts sitting in the state of Delaware, if suit is filed to enforce interpret or construe this Guaranty.  If an event of default occurs, then in addition to the remedies to which beneficiaries are entitled under [the Agreement], Beneficiaries may, in their sole and absolute discretion, also elect to file suit against Guarantor in any state of [sic] federal court sitting in Nevada, the jurisdiction to which Guarantor hereby submits.

On March 5, 2009, Plaintiffs filed suit in the District Court of Clark County, Nevada, asserting causes of action for breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, intentional interference with contractual relations and alter ego.  On April 3, 2009, Defendants filed their Notice of Removal.  After many delays due to settlement

negotiations, Defendants filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) asserting improper venue.

II. Standard for a Motion to Dismiss Pursuant FRCP 12 (b)(3) and Analysis

FRCP 12(b)(3) provides a basis for dismissal of suits brought in an improper venue when a forum selection clause provides the proper venue for disputes. See Murphy v. Schneider Nat'l, Inc., 349 F.3d 1224, 1229 (9th Cir. 2003). Parties may establish proper venue by contract. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996); Manetti-Farrow, Inc. v. Gucci Am., Inc., 848 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause "that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud and overreaching." Id. at 512.

The Court agrees with Defendants that Plaintiffs agreed to bring claims relating to the Agreement exclusively in Delaware. Though Plaintiffs rely on the permissive jurisdictional clauses of the Note and Guaranty to bring suit in Nevada, the claims clearly arise under the Agreement. Where potentially conflicting clauses arise out of a single transaction and are contained in one overarching agreement, the venue provision in the main agreement controls. See, e.g., Liberty USA Corp. v. Buyer's Choice Ins. Agency, 386 F. Supp.2d 421, 426 (S.D.N.Y. 2005). In Liberty, the plaintiff brought suit in New York relating to a purchase agreement whereby plaintiff had agreed to sell its interest in certain insurance companies. Id. at 422. Contemporaneously with the purchase agreement, defendants also executed a promissory note and a guaranty to secure the obligations under the note. Id. The parties in Liberty executed all the documents as part of a single transaction, and each of the documents made reference to the purchase agreement as the purpose for their execution, just as in this case. Id. at 424-25. The Liberty defendants moved to dismiss plaintiffs claims on the basis of a forum selection clause in the purchase agreement requiring claims to be brought in Ohio. Id. at 423. Plaintiffs argued that the promissory note permitted suit to be filed in New York. Id. at 423. The court resolved the conflict as follows:

3

> Both the Promissory Note and the Asset Purchase Agreement were executed on the same day.  Both Parties to the Promissory Agreement were also parties to the Asset Purchase Agreement.  In addition, the purpose of the two agreements was the same – the sale of certain assets held by the Sellers to the Buyers.  In addition, the Promissory Note is explicity incorporated into the asset purchase agreement and is specifically cited as part of the consideration for the contract.  Furthermore, the Asset Purchase Agreement provided that the Promissory Note and the Guaranty executed by [defendant] were to be delivered at Closing by the Buyer.  Thus, the Promissory Note was incorporated in the Asset Purchase Agreement, was executed contemporaneously with that Agreement, by the same parties, for the same purpose, and both documents shall be construed as one contract.  The Promissory Note's forum selection clause also was superseded by the forum selection clause in the Asset Purchase Agreement . . . Therefore, the forum selection clause in the Asset Purchase Agreement, which states that Ohio law will govern the Agreement and that "all claims, disputes, or actions arising from this agreement" shall be in a state court in Ohio, applies to this case.  Id. at 426.

The facts in Liberty are virtually identical to those before this Court.  The holding harmonizes the agreements at issue and interprets them as if they were one agreement.  Here, the language contained in section 12.12 of the Agreement is even stronger than the forum selection clause in Liberty.  The forum selection clause in Liberty stated that the forum for "all claims, disputes, or actions arising from this Agreement shall be the Court of Common Pleas of Hamilton County, Ohio." Id. at 426.  The forum selection clause in the Agreement contains similar language, but restricts the parties from filing in other jurisdictions: "Each party also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court."  Accordingly, the Court grants Defendants' motion to dismiss.

Even if the Court were to disagree with Defendants, the Court would still find that Plaintiffs improperly filed the action in Nevada, because an "Event of Default" has not been alleged by Plaintiffs invoking the clauses in the Note and Guaranty.  Therefore, the Court would dismiss the action on these alternative grounds.

Furthermore, Defendants did not waive their right to object to jurisdiction by removing the case to federal court.  "When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statutes, and, since the district court to which he must remove is fixed by law, he has no

choice without which there can be no 'waiver.'" Greenberg v. Giannini, 140 F.2d 550, 553 (2nd Cir. 1944)(Judge Learned Hand); see generally, Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc., 983 F.2d 1110, 1113 n.2 (9th Cir. 1991)(affirming district court's dismissal for improper venue based on forum selection clause following removal).  None of the other contentions by Plaintiffs constitute waiver by Defendants.  Accordingly, the Court grants Defendants' motion to dismiss.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Improper Venue (#38) is **GRANTED**.

DATED this 28th day of September 2010.

_____
Kent J. Dawson
United States District Judge

5